# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

---

**JOSHUA WILLIAMS**
**309 Driscoll Avenue, Apartment 15**
**Solvay, NY  13204**

**vs.**

**UVAPER LLC**
**d/b/a VapeNW**
**3828 Civic Center Drive**
**North Las Vegas, NV  89030,**

**SAMSUNG ELECTRONICS CO, LTD**
**129, Samsung-ro**
**Yeongtong-Suwon**
**Gyeonggi-do, South Korea,**

**SAMSUNG SDI CO., LTD.**
**150-20 Gongse-Ro**
**Giheung-Gu**
**Yongin, Gyeonggi-17084**
**Republic of Korea**

**and**

**SAMSUNG SDI AMERICA, INC.**
**4121 N. Atlantic Boulevard**
**Auburn Hills, Michigan**

**SECOND AMENDED COMPLAINT**

**Civil Action No. 5:19-cv-01228-TJM-ATB**

---

Plaintiff, Joshua Williams, by his attorneys, Cozen O'Connor, complaining of the

Defendants, alleges as follows:

## NATURE OF ACTION

This case involves a claim of product liability, namely that Defendants were negligent

and guilty of strict product liability in the design, manufacture and/or sale of MXJOIMR

batteries which were sold and delivered to the Plaintiff at his then home address at 901 Second

Street, Solvay, New York.  On July 21, 2018, Plaintiff Joshua Williams was critically injured when one of the foregoing batteries exploded and severely burned the Plaintiff on his right leg requiring skin graft surgery.

## THE PARTIES

1.      The Plaintiff is a citizen of the State of New York residing at all times material hereto at 309 Driscoll Avenue, Apartment 15, Solvay, New York 13204.

2.      Defendant UVaper LLC (hereinafter "UVaper") was and is a limited liability company organized under the laws of the State of Washington with its principal place of business situate at 3828 Civic Center Drive, North Las Vegas, Nevada 89030.  As a result, Defendant is a citizen of the States of Washington and Nevada.  Furthermore, upon information and belief, no member of UVaper LLC resides in New York State.

3.      Defendant Samsung Electronics Co., Ltd. (hereinafter "Samsung Electronics") is, upon information and belief, a corporation organized under the laws of the Republic of Korea with its principal place of business located at 129, Samsung-ro, Yeongtong-Suwon, Gyeonggi-do, South Korea.  As such, Defendant Samsung is a citizen of the Republic of Korea.

4.      Defendant Samsung SDI Co., Ltd. (hereinafter "Samsung SDI) is, upon information and belief, a corporation organized under the laws of the Republic of Korea with its principal place of business located at 150-20 Gongse-Ro, Giheung-Gu, Yongin, Gyeonggi-17084, Republic of Koria.  As such, Defendant Samsung SDI is a citizen of the Republic of Korea.

5.      Defendant Samsung SDI America, Inc. (hereinafter "Samsung SDI America") is a corporation organized under the laws of the State of California with its principal place of

LEGAL\47146249\1

business located at 414 North Atlantic Boulevard, Auburn Hills, Michigan.  As such, Defendant Samsung SDI America is a citizen of the States of California and Michigan.

## JURISDICTION AND VENUE

6.     This Court has subject matter jurisdiction in this case pursuant to 28 U.S.C. § 1332 since the Plaintiff and the Defendants are citizens of a different states and a different country, and the amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000) exclusive of interest and costs.

7.     This Court has personal jurisdiction in this case since, at all times material hereto, Defendant UVaper LLC and its predecessor VapeNW did business via the internet with customers within the State of New York and the battery that is the subject of this litigation was manufactured, imported or sold by one or more of the Samsung Defendants each of whom, upon information and belief, does business within the State of New York.

8.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 since the event giving rise to the Plaintiff's claims occurred within the area comprising the United States District Court for the Northern District of New York.

## FACTUAL ALLEGATIONS

9.     At all times material hereto, Defendant UVaper or its subsidiaries were (and are) in the business of distributing and/or selling e-cigarettes, batteries and related equipment.

10.     At all times material hereto, VapeNW was in the business of distributing and/or selling e-cigarettes, batteries and related products.

11.     At all times material hereto, Defendant and VapeNW each marketed, advertised, displayed for sale and sold electronic cigarettes, batteries and related products on the internet at the website VapeNW.com.

LEGAL\47146249\1

12.     At all times material hereto, Defendant Samsung Electronics Co., Ltd. or one of its subsidiaries hereinafter collectively referred to as "Samsung" were (and are) in the business of manufacturing, distributing and selling lithium ion batteries for use in e-cigarette devices and other products.

13.     At all times material hereto, Defendant Samsung SDI or one of its subsidiaries hereinafter collectively referred to as "Samsung SDI" were (and are) in the business of manufacturing, distributing and selling lithium ion batteries for use in e-cigarette devices and other products.

14.     At all times material hereto, Defendant Samsung SDI America or one of its subsidiaries hereinafter collectively referred to as "Samsung SDI America" were (and are) in the business of manufacturing, distributing and selling lithium ion batteries for use in e-cigarette devices and other products.

15.     On March 15, 2017, Plaintiff purchased a Smoke H-Priv Pro Kit, a 2MXJO IMR batteries and related products through the VapeNW website.

16.     On or about July 21, 2018, one of the foregoing batteries exploded while it was in the right hand pocket of Plaintiff's shorts.

17.     The foregoing battery was manufactured by or for Defendant Samsung Electronics Co., Ltd., Samsung SDI Co., Ltd. or Samsung SDI America, Inc. or one of their wholly owned subsidiaries.

18.     At all times material hereto, Defendants Samsung had knowledge and notice of the risks of battery explosions and serious injuries to users of their lithium ion batteries.

19.     At all times material hereto, Samsung SDI was ranked number one in terms of the global market share for lithium ion batteries.

## COUNT I – NEGLIGENCE

### Plaintiff v. UVaper, LLC

20.     Plaintiff incorporates by reference each of the allegations contained in paragraphs 1-19 above as though more fully set forth at length herein.

21.     Defendant UVaper, LLC and its predecessor were negligent in inspecting, distributing, promoting, marketing and/or the sale of the foregoing e-cigarette and battery in the following ways, including but not limited to:

(a)     negligently marketing, supplying, distributing, selling and placing into the stream of commerce an unreasonably dangerous product that was being used for the purpose for which it was intended;

(b)     negligently marketing, supplying, distributing, selling and/or otherwise placing into the stream of commerce a product that the Defendant knew or should have known was unreasonably dangerous;

(c)     supplying the e-cigarette and battery in a condition which Defendant and its predecessor knew or should have known would subject the Plaintiff to an unreasonable risk of harm;

(d)     negligently failing to properly, sufficiently and/or accurately warn and/or instruct purchasers and/or users of e-cigarettes of the potential serious hazards and dangers presented by use of the foregoing e-cigarette and batteries;

(e)     failing to ensure that proper and safe batteries were used with the subject e-cigarette prior to marketing, supplying, distributing, selling, installing and/or otherwise placing it into the stream of commerce;

(f)     failing to adequately, properly and safely assemble, test and/or inspect the subject e-cigarette and batteries;

(g)     negligently failing to recall or modify the foregoing e-cigarette and batteries as a result of learning of the potentially dangerous propensities of the subject e-cigarette and batteries as Defendant and its predecessor learned of other similar incidents; and

(h)     otherwise failing to exercise reasonable care under the circumstances.

22.     Defendant and VapeNW were aware of the allegations of the foregoing paragraphs and the related potential for injury for many years prior to July 21, 2018.

5

23.     Defendant's negligence and that of VapeNW as alleged above was a proximate cause of the injuries suffered by Joshua Williams on July 21, 2018.

24.     Defendant UVaper, LLC is liable for the negligent actions and omissions of VapeNW on the theory of Successor Liability.

25.     As a direct and proximate result of the negligence, carelessness and other liability producing conduct of the Defendant, its agents, servants, employees, franchisees, subsidiaries and predecessor, VapeNW, Plaintiff has experienced devastating burn injuries to his right lower extremity.

26.     As a direct and proximate result of the negligence, carelessness and other liability producing conduct of the Defendant and VapeNW, Plaintiff has experienced and may in the future experience severe and permanent pain and suffering, loss of enjoyment of life, mental anguish and emotional distress.

27.     As a direct and proximate result of the negligence, carelessness and other liability producing conduct of the Defendant and VapeNW, Plaintiff has suffered severe and permanent scarring and disfigurement.

28.     As a direct and proximate result of the negligence, carelessness and other liability producing conduct of the Defendant and VapeNW, Plaintiff has suffered and will in the future suffer a loss of earnings and earning power.

29.     As a direct and proximate result of the negligence, carelessness and other liability producing conduct of the Defendant and VapeNW, Plaintiff has and may have in the future ongoing medical issues that may limit his activities of daily living and cause him significant conscious pain and emotional suffering, loss of enjoyment of life, mental anguish and emotional distress.

LEGAL\47146249\1

30.     As a direct and proximate result of the negligence, carelessness and other liability producing conduct of the Defendant and VapeNW, Plaintiff has incurred and may in the future incur substantial medical, hospital and prescription expenses for Plaintiff's medical care and treatment for which he is entitled to reimbursement.

WHEREFORE, Plaintiff Joshua Williams demands judgment for compensatory damages against the Defendant in such a fair and reasonable amount as may be awarded by a jury of his peers in an amount in excess of Seventy-Five Thousand Dollars ($75,000) together with such other and further relief that the Court may deem just and proper, including the taxable costs and disbursements of this action.

## COUNT II – STRICT PRODUCT LIABILITY

### Plaintiff v. UVaper, LLC

31.     Plaintiff incorporates by reference each of the allegations contained in paragraphs 1-30 above as though each were fully set forth at length herein.

32.     The foregoing battery was in substantially the same condition on July 21, 2018 prior to exploding as it was when it was sold and delivered to the Plaintiff.

33.     The subject battery was defective in design and manufacture.

34.     The subject battery, in design and manufacture, was unfit for its intended use and therefore unreasonably dangerous to its users of the battery.

35.     The subject battery's defects and lack of safety features caused the Plaintiff to suffer serious injuries as indicated above.

36.     Defendant is liable for the strict liability producing actions and omissions of VapeNW on the theory of Successor Liability.

LEGAL\47146249\1

37.     The strict liability producing actions and omissions of VapeNW as alleged above were the proximate cause of the severe burn injuries suffered by Plaintiff.

38.     As a direct and proximate result of the strict liability producing conduct of the Defendant and VapeNW, their agents, servants, employees, franchisees and/or subsidiaries, Plaintiff has experienced devastating burn injuries to his right lower extremity requiring extreme skin graft surgery.

39.     As a direct and proximate result of the strict liability producing conduct of the Defendant and VapeNW, Plaintiff has experienced and will in the future experience severe and permanent pain and suffering, loss of enjoyment of life, mental anguish and emotional distress.

40.     As a direct and proximate result of the strict liability producing conduct of the Defendant and VapeNW, Plaintiff has suffered severe and permanent scarring which may require further surgeries.

41.     As a direct and proximate result of the strict liability producing conduct of the Defendant and VapeNW, Plaintiff has suffered and may in the future suffer a loss of earnings and earning power.

42.     As a direct and proximate result of the strict liability producing conduct of the Defendant and VapeNW, Plaintiff has and may have in the future significant ongoing medical complications that may limit his activities of daily living and cause him significant pain and suffering, loss of enjoyment of life, mental anguish and emotional distress.

43.     As a direct and proximate result of the strict liability producing conduct of the Defendant and VapeNW, Plaintiff has incurred and may in the future incur substantial medical, hospital and prescription expenses for Plaintiff's medical care and treatment for which he is entitled to reimbursement.

LEGAL\47146249\1

44.     As a result of the foregoing, the Defendant is strictly liable to the Plaintiff for compensatory and exemplary damages in an amount to be determined by a jury, together with interest, the taxable costs of suit and such other relief as the Court deems proper.

WHEREFORE, Plaintiff Joshua Williams demands judgment for compensatory damages against the Defendant in such a fair and reasonable amount as may be awarded by a jury of his peers in an amount in excess of Seventh-Five Thousand Dollars ($75,000) together with such other and further relief that the Court may deem just and proper, including the taxable costs and disbursements of this action.

## COUNT III – BREACH OF EXPRESS AND IMPLIED WARRANTIES

### Plaintiff v. UVaper, LLC

45.     Plaintiff incorporates by reference each of the allegations contained in paragraphs 1-44 above as though each were fully set forth at length herein.

46.     VapeNW warranted by implication that the foregoing e-cigarette products were of merchantable quality and fit and safe for use.

47.     Further upon information and belief, VapeNW made expressed and implied representations about the quality, design and fitness of the product as an inducement to encourage the purchase and use of the product.

48.     VapeNW's warranties were not true, and the products were not safe or reasonably suitable and fit for the uses intended and expected by VapeNW for the public, including Plaintiff Joshua Williams.

49.     The Defendant and VapeNW breached the foregoing warranties in that the subject e-cigarette and batteries failed to operate as promised, implied, expected and relied upon.

50. The Defendant and VapeNW breached the foregoing warranties by Defendant and VapeNW were a proximate cause of the Plaintiff's injuries as alleged in this Complaint.

51. Defendant is liable for the actions and omissions of VapeNW on the theory of Successor Liability.

52. As a direct and proximate result of the breach of warranty by the Defendant and VapeNW, their agents, servants, employees, franchisees and/or subsidiaries, Plaintiff has experienced devastating burn injuries to his right lower extremity.

53. As a direct and proximate result of the breach of warranty by the Defendant and VapeNW, Plaintiff has experienced and will in the future experience severe and permanent pain and suffering, loss of enjoyment of life, mental anguish and emotional distress.

54. As a direct and proximate result of the breach of warranty by the Defendant and VapeNW, Plaintiff has suffered extensive permanent scarring on his right and left lower extremities.

55. As a direct and proximate result of the breach of warranty by the Defendant and VapeNW, Plaintiff has suffered and may in the future suffer a loss of earnings and earning power.

56. As a direct and proximate result of the breach of warranty by the Defendant and VapeNW, Plaintiff has and may have in the future significant ongoing medical complications that may limit his activities of daily living and cause him significant pain and suffering, loss of enjoyment of life, mental anguish and emotional distress.

57. As a direct and proximate result of the breach of warranty by the Defendant and VapeNW, Plaintiff has incurred and may in the future incur medical, hospital and prescription expenses for Plaintiff's medical care and treatment for which he is entitled to reimbursement.

LEGAL\47146249\1

58.     As a direct result of the Plaintiff's reliance on the VapeNW's warranties, Plaintiff suffered the injuries and damages complained herein.

59.     As a result of the foregoing breach of warranties, the Defendant is liable to the Plaintiff for compensatory damages in an amount to be determined by a jury, together with interest, the taxable costs of suit and all such other relief as the Court deems proper.

WHEREFORE, Plaintiff Joshua Williams demands judgment for compensatory damages against the Defendant UVaper, LLC in such a fair and reasonable amount as may awarded by a jury of his peers in an amount in excess of Seventy-Five Thousand Dollars ($75,000) together with such other and further relief that the Court may deem just and proper, including the taxable costs and disbursements of this action.

## COUNT IV – NEGLIGENCE

### Plaintiff v. Samsung Electronics Co., Ltd.

60.     Plaintiff incorporates by reference each of the allegations contained in paragraphs 1-59 above as though more fully set forth at length herein.

61.     Defendant Samsung or one of its wholly owned subsidiaries were negligent in the designing, manufacturing, inspecting, distributing, promoting, marketing and/or the sale of the foregoing battery in the following ways, including but not limited to:

(a)     negligently designing, manufacturing, marketing, supplying, distributing, selling and placing into the stream of commerce an unreasonably dangerous product that was being used for the purpose for which it was intended;

(b)     negligently designing, manufacturing, marketing, supplying, distributing, selling and/or otherwise placing into the stream of commerce a product that the Defendant knew or should have known was unreasonably dangerous;

LEGAL\47146249\1

(c)    supplying the battery in a condition which Defendant and its subsidiaries knew or should have known would subject the Plaintiff to an unreasonable risk of harm;

(d)    negligently failing to properly, sufficiently and/or accurately warn and/or instruct purchasers and/or users of the foregoing battery of the potential serious hazards and dangers presented by use of the foregoing battery;

(e)    failing to adequately, properly and safely assemble, test and/or inspect the subject battery;

(f)    negligently failing to recall or modify the foregoing battery as a result of learning of the potentially dangerous propensities of the subject battery as Defendant Samsung and its subsidiaries learned of other similar incidents; and

(g)    otherwise failing to exercise reasonable care under the circumstances.

62.    Defendant Samsung was aware of the allegations of the foregoing paragraphs and the related potential for injury for many years prior to July 21, 2018.

63.    Defendant Samsung's negligence as alleged above was the proximate cause of the injuries suffered by Joshua Williams on July 21, 2018.

64.    The conduct of Defendant Samsung in selling the foregoing battery constituted a callous disregard for the safety of its product's users.

65.    As a direct and proximate result of the negligence, carelessness and other liability producing conduct of the Defendant Samsung, its agents, servants, employees, franchisees and subsidiaries, Plaintiff has experienced devastating burn injuries to his right lower extremity which required skin graft surgery at Upstate Medical Center.

66.    As a direct and proximate result of the negligence, carelessness and other liability producing conduct of the Defendant Samsung, Plaintiff has experienced and may in the future experience severe and permanent pain and suffering, loss of enjoyment of life, mental anguish and emotional distress.

LEGAL\47146249\1

67.     As a direct and proximate result of the negligence, carelessness and other liability producing conduct of the Defendant Samsung, Plaintiff has suffered severe and permanent scarring and disfigurement.

68.     As a direct and proximate result of the negligence, carelessness and other liability producing conduct of the Defendant Samsung, Plaintiff has suffered and will in the future suffer a loss of earnings and earning power.

69.     As a direct and proximate result of the negligence, carelessness and other liability producing conduct of the Defendant Samsung, Plaintiff has and may have in the future ongoing medical issues that may limit his activities of daily living and cause him significant conscious pain and emotional suffering, loss of enjoyment of life, mental anguish and emotional distress.

70.     As a direct and proximate result of the negligence, carelessness and other liability producing conduct of the Defendant Samsung, Plaintiff has incurred and may in the future incur substantial medical, hospital and prescription expenses for Plaintiff's medical care and treatment for which he is entitled to reimbursement.

WHEREFORE, Plaintiff Joshua Williams demands judgment for compensatory and exemplary damages against Defendant Samsung in such a fair and reasonable amount as may be awarded by a jury of his peers in an amount in excess of Seventy-Five Thousand Dollars ($75,000) together with such other and further relief that the Court may deem just and proper, including the taxable costs and disbursements of this action.

## COUNT V – STRICT PRODUCT LIABILITY

### Plaintiff v. Samsung Electronics Co., Ltd.

71.     Plaintiff incorporates by reference each of the allegations contained in paragraphs 1-70 above as though each were fully set forth at length herein.

72.     The foregoing battery was in substantially the same condition on July 21, 2018 prior to exploding as it was when it was sold and delivered to the Plaintiff.

73.     The subject battery was defective in design and manufacture.

74.     The subject battery, in design and manufacture, was unfit for its intended use and therefore unreasonably dangerous to its users of the battery.

75.     The subject battery's defects and lack of safety features caused he Plaintiff to suffer serious injuries as indicated above.

76.     The strict liability producing actions and omissions on the part of Defendant Samsung as alleged above were the proximate cause of the severe burn injuries suffered by Plaintiff.

77.     As a direct and proximate result of the strict liability producing conduct of the Defendant Samsung, their agents, servants, employees, franchisees and/or subsidiaries, Plaintiff has experienced devastating burn injuries to his right lower extremity requiring skin graft surgery.

78.     As a direct and proximate result of the strict liability producing conduct of the Defendant Samsung, Plaintiff has experienced and will in the future experience severe and permanent pain and suffering, loss of enjoyment of life, mental anguish and emotional distress.

79.     As a direct and proximate result of the strict liability producing conduct of the Defendant Samsung, Plaintiff has suffered severe and permanent scarring which may require further surgeries.

80.     As a direct and proximate result of the strict liability producing conduct of the Defendant Samsung, Plaintiff has suffered and may in the future suffer a loss of earnings and earning power.

LEGAL\47146249\1

81.     As a direct and proximate result of the strict liability producing conduct of the Defendant Samsung, Plaintiff has and may have in the future significant ongoing medical complications that may limit his activities of daily living and cause him significant pain and suffering, loss of enjoyment of life, mental anguish and emotional distress.

82.     As a direct and proximate result of the strict liability producing conduct of the Defendant Samsung, Plaintiff has incurred and may in the future incur substantial medical, hospital and prescription expenses for Plaintiff's medical care and treatment for which he is entitled to reimbursement.

83.     As a result of the foregoing, the Defendant Samsung is strictly liable to the Plaintiff for compensatory and exemplary damages in an amount to be determined by a jury, together with interest, the taxable costs of suit and such other relief as the Court deems proper.

WHEREFORE, Plaintiff Joshua Williams demands judgment for compensatory and exemplary damages against Defendant Samsung in such a fair and reasonable amount as may be awarded by a jury of his peers in an amount in excess of Seventy-Five Thousand Dollars ($75,000) together with such other and further relief that the Court may deem just and proper, including the taxable costs and disbursements of this action.

## COUNT VI – BREACH OF EXPRESS AND IMPLIED WARRANTIES

### Plaintiff v. Samsung Electronics Co., Ltd.

84.     Plaintiff incorporates by reference each of the allegations contained in paragraphs 1-83 above as though each were fully set forth at length herein.

85.     Samsung warranted by implication that the foregoing battery was of merchantable quality and fit and safe for use.

86.     Further upon information and belief, Samsung made expressed and implied representations about the quality, design and fitness of the product as an inducement to encourage the purchase and use of the product.

87.     Samsung's warranties were not true, and the Samsung lithium battery was not safe or reasonably suitable and fit for the uses intended and expected by Samsung for the public, including Plaintiff Joshua Williams.

88.     The Defendant Samsung breached the foregoing warranties in that the subject battery failed to operate as promised, implied, expected and relied upon.

89.     The Defendant Samsung's breaches of the foregoing warranties were a proximate cause of the Plaintiff's injuries as alleged in this Complaint.

90.     As a direct and proximate result of the breach of warranty by the Defendant Samsung, its agents, servants, employees, franchisees and/or subsidiaries, Plaintiff has experienced devastating burn injuries to the right lower extremity which required skin graft surgery at Upstate Medical Center.

91.     As a direct and proximate result of the breach of warranty by the Defendant Samsung, Plaintiff has experienced and will in the future experience severe and permanent pain and suffering, loss of enjoyment of life, mental anguish and emotional distress.

92.     As a direct and proximate result of the breach of warranty by the Defendant Samsung, Plaintiff has suffered extensive permanent scarring on his right leg and left lower extremities.

93.     As a direct and proximate result of the breach of warranty by the Defendant Samsung, Plaintiff has suffered and may in the future suffer a loss of earnings and earning power.

LEGAL\47146249\1

94.     As a direct and proximate result of the breach of warranty by the Defendant Samsung, Plaintiff has and may have in the future significant ongoing medical complications that may limit his activities of daily living and cause him significant pain and suffering, loss of enjoyment of life, mental anguish and emotional distress.

95.     As a direct and proximate result of the breach of warranty bvy the Defendant Samsung, Plaintiff has incurred and may in the future incur medical, hospital and prescription expenses for Plaintiff's medical care and treatment for which he is entitled to reimbursement.

96.     As a direct result of the Plaintiff's reliance on the Samsung's warranties, Plaintiff suffered injuries and damages complained herein.

97.     As a result of the foregoing breach of warranties, the Defendant Samsung is liable to the Plaintiff for compensatory damages in an amount to be determined by a jury, together with interest, the taxable costs of suit and all such other relief as the Court deems proper.

WHEREFORE, Plaintiff Joshua Williams demands judgment for compensatory and exemplary damages against the Defendant Samsung in such a fair and reasonable amount as may be awarded by a jury of his peers in an amount in excess of Seventy-Five Thousand Dollars ($75,000) together with such other and further relief that the Court may deem just and proper, including the taxable costs and disbursements of this action.

## COUNT VII – NEGLIGENCE

## Plaintiff v. Samsung SDI Co., Ltd.

98.     Plaintiff incorporates by reference each of the allegations contained in paragraphs 1-97 above as though more fully set forth at length herein.

LEGAL\47146249\1

99.     Defendant Samsung SDI or one of its wholly owned subsidiaries were negligent in the designing, manufacturing, inspecting, distributing, promoting, marketing and/or the sale of the foregoing battery in the following ways, including but not limited to:

(a)     negligently designing, manufacturing, marketing, supplying, distributing, selling and placing into the stream of commerce an unreasonably dangerous product that was being used for the purpose for which it was intended;

(b)     negligently designing, manufacturing, marketing, supplying, distributing, selling and/or otherwise placing into the stream of commerce a product that the Defendant knew or should have known was unreasonably dangerous;

(c)     supplying the battery in a condition which Defendant and its subsidiaries knew or should have known would subject the Plaintiff to an unreasonable risk of harm;

(d)     negligently failing to properly, sufficiently and/or accurately warn and/or instruct purchasers and/or users of the foregoing battery of the potential serious hazards and dangers presented by use of the foregoing battery;

(e)     failing to adequately, properly and safely assemble, test and/or inspect the subject battery;

(f)     negligently failing to recall or modify the foregoing battery as a result of learning of the potentially dangerous propensities of the subject battery as Defendant Samsung and its subsidiaries learned of other similar incidents; and

(g)     otherwise failing to exercise reasonable care under the circumstances.

100.    Defendant Samsung SDI was aware of the allegations of the foregoing paragraphs and the related potential for injury for many years prior to July 21, 2018.

101.    Defendant Samsung SDI's negligence as alleged above was the proximate cause of the injuries suffered by Joshua Williams on July 21, 2018.

102.    The conduct of Defendant Samsung SDI in selling the foregoing battery constituted a callous disregard for the safety of its product's users.

LEGAL\47146249\1

103.    As a direct and proximate result of the negligence, carelessness and other liability producing conduct of the Defendant Samsung SDI, its agents, servants, employees, franchisees and subsidiaries, Plaintiff has experienced devastating burn injuries to his right lower extremity which required skin graft surgery at Upstate Medical Center.

104.    As a direct and proximate result of the negligence, carelessness and other liability producing conduct of the Defendant Samsung SDI, Plaintiff has experienced and may in the future experience severe and permanent pain and suffering, loss of enjoyment of life, mental anguish and emotional distress.

105.    As a direct and proximate result of the negligence, carelessness and other liability producing conduct of the Defendant Samsung SDI, Plaintiff has suffered severe and permanent scarring and disfigurement.

106.    As a direct and proximate result of the negligence, carelessness and other liability producing conduct of the Defendant Samsung SDI, Plaintiff has suffered and will in the future suffer a loss of earnings and earning power.

107.    As a direct and proximate result of the negligence, carelessness and other liability producing conduct of the Defendant Samsung SDI, Plaintiff has and may have in the future ongoing medical issues that may limit his activities of daily living and cause him significant conscious pain and emotional suffering, loss of enjoyment of life, mental anguish and emotional distress.

108.    As a direct and proximate result of the negligence, carelessness and other liability producing conduct of the Defendant Samsung SDI, Plaintiff has incurred and may in the future incur substantial medical, hospital and prescription expenses for Plaintiff's medical care and treatment for which he is entitled to reimbursement.

WHEREFORE, Plaintiff Joshua Williams demands judgment for compensatory and exemplary damages against Defendant Samsung SDI in such a fair and reasonable amount as may be awarded by a jury of his peers in an amount in excess of Seventy-Five Thousand Dollars ($75,000) together with such other and further relief that the Court may deem just and proper, including the taxable costs and disbursements of this action.

## COUNT VIII – STRICT PRODUCT LIABILITY

### Plaintiff v. Samsung SDI Co., Ltd.

109.     Plaintiff incorporates by reference each of the allegations contained in paragraphs 1-108 above as though each were fully set forth at length herein.

110.     The foregoing battery was in substantially the same condition on July 21, 2018 prior to exploding as it was when it was sold and delivered to the Plaintiff.

111.     The subject battery was defective in design and manufacture.

112.     The subject battery, in design and manufacture, was unfit for its intended use and therefore unreasonably dangerous to its users of the battery.

113.     The subject battery's defects and lack of safety features caused he Plaintiff to suffer serious injuries as indicated above.

114.     The strict liability producing actions and omissions on the part of Defendant Samsung SDI as alleged above were the proximate cause of the severe burn injuries suffered by Plaintiff.

115.     As a direct and proximate result of the strict liability producing conduct of the Defendant Samsung SDI, their agents, servants, employees, franchisees and/or subsidiaries, Plaintiff has experienced devastating burn injuries to his right lower extremity requiring skin graft surgery.

LEGAL\47146249\1

116.    As a direct and proximate result of the strict liability producing conduct of the Defendant Samsung SDI, Plaintiff has experienced and will in the future experience severe and permanent pain and suffering, loss of enjoyment of life, mental anguish and emotional distress.

117.    As a direct and proximate result of the strict liability producing conduct of the Defendant Samsung SDI, Plaintiff has suffered severe and permanent scarring which may require further surgeries.

118.    As a direct and proximate result of the strict liability producing conduct of the Defendant Samsung SDI, Plaintiff has suffered and may in the future suffer a loss of earnings and earning power.

119.    As a direct and proximate result of the strict liability producing conduct of the Defendant Samsung SDI, Plaintiff has and may have in the future significant ongoing medical complications that may limit his activities of daily living and cause him significant pain and suffering, loss of enjoyment of life, mental anguish and emotional distress.

120.    As a direct and proximate result of the strict liability producing conduct of the Defendant Samsung SDI, Plaintiff has incurred and may in the future incur substantial medical, hospital and prescription expenses for Plaintiff's medical care and treatment for which he is entitled to reimbursement.

121.    As a result of the foregoing, the Defendant Samsung SDI is strictly liable to the Plaintiff for compensatory and exemplary damages in an amount to be determined by a jury, together with interest, the taxable costs of suit and such other relief as the Court deems proper.

WHEREFORE, Plaintiff Joshua Williams demands judgment for compensatory and exemplary damages against Defendant Samsung SDI Co., Ltd. in such a fair and reasonable amount as may be awarded by a jury of his peers in an amount in excess of Seventy-Five

Thousand Dollars ($75,000) together with such other and further relief that the Court may deem just and proper, including the taxable costs and disbursements of this action.

## COUNT IX – BREACH OF EXPRESS AND IMPLIED WARRANTIES

### Plaintiff v. Samsung SDI Co., Ltd.

122.   Plaintiff incorporates by reference each of the allegations contained in paragraphs 1-121 above as though each were fully set forth at length herein.

123.   Samsung SDI warranted by implication that the foregoing battery was of merchantable quality and fit and safe for use.

124.   Further upon information and belief, Samsung SDI made expressed and implied representations about the quality, design and fitness of the product as an inducement to encourage the purchase and use of the product.

125.   Samsung SDI's warranties were not true, and the Samsung lithium battery was not safe or reasonably suitable and fit for the uses intended and expected by Samsung for the public, including Plaintiff Joshua Williams.

126.   The Defendant Samsung SDI breached the foregoing warranties in that the subject battery failed to operate as promised, implied, expected and relied upon.

127.   The Defendant Samsung SDI's breaches of the foregoing warranties were a proximate cause of the Plaintiff's injuries as alleged in this Complaint.

128.   As a direct and proximate result of the breach of warranty by the Defendant Samsung SDI, its agents, servants, employees, franchisees and/or subsidiaries, Plaintiff has experienced devastating burn injuries to the right lower extremity which required skin graft surgery at Upstate Medical Center.

129.    As a direct and proximate result of the breach of warranty by the Defendant Samsung SDI, Plaintiff has experienced and will in the future experience severe and permanent pain and suffering, loss of enjoyment of life, mental anguish and emotional distress.

130.    As a direct and proximate result of the breach of warranty by the Defendant Samsung SDI, Plaintiff has suffered extensive permanent scarring on his right leg and left lower extremities.

131.    As a direct and proximate result of the breach of warranty by the Defendant Samsung SDI, Plaintiff has suffered and may in the future suffer a loss of earnings and earning power.

132.    As a direct and proximate result of the breach of warranty by the Defendant Samsung SDI, Plaintiff has and may have in the future significant ongoing medical complications that may limit his activities of daily living and cause him significant pain and suffering, loss of enjoyment of life, mental anguish and emotional distress.

133.    As a direct and proximate result of the breach of warranty by the Defendant Samsung SDI, Plaintiff has incurred and may in the future incur medical, hospital and prescription expenses for Plaintiff's medical care and treatment for which he is entitled to reimbursement.

134.    As a direct result of the Plaintiff's reliance on the Samsung SDI's warranties, Plaintiff suffered injuries and damages complained herein.

135.    As a result of the foregoing breach of warranties, the Defendant Samsung SDI is liable to the Plaintiff for compensatory damages in an amount to be determined by a jury, together with interest, the taxable costs of suit and all such other relief as the Court deems proper.

WHEREFORE, Plaintiff Joshua Williams demands judgment for compensatory and exemplary damages against the Defendant Samsung SDI in such a fair and reasonable amount as may be awarded by a jury of his peers in an amount in excess of Seventy-Five Thousand Dollars ($75,000) together with such other and further relief that the Court may deem just and proper, including the taxable costs and disbursements of this action.

## COUNT X – NEGLIGENCE

### Plaintiff v. Samsung SDI America, Inc.

136.    Plaintiff incorporates by reference each of the allegations contained in paragraphs 1-135 above as though more fully set forth at length herein.

137.    Defendant Samsung SDI America or one of its wholly owned subsidiaries were negligent in the designing, manufacturing, inspecting, distributing, promoting, marketing and/or the sale of the foregoing battery in the following ways, including but not limited to:

    (a)    negligently designing, manufacturing, marketing, supplying, distributing, selling and placing into the stream of commerce an unreasonably dangerous product that was being used for the purpose for which it was intended;

    (b)    negligently designing, manufacturing, marketing, supplying, distributing, selling and/or otherwise placing into the stream of commerce a product that the Defendant knew or should have known was unreasonably dangerous;

    (c)    supplying the battery in a condition which Defendant and its subsidiaries knew or should have known would subject the Plaintiff to an unreasonable risk of harm;

    (d)    negligently failing to properly, sufficiently and/or accurately warn and/or instruct purchasers and/or users of the foregoing battery of the potential serious hazards and dangers presented by use of the foregoing battery;

    (e)    failing to adequately, properly and safely assemble, test and/or inspect the subject battery;

(f)     negligently failing to recall or modify the foregoing battery as a result of learning of the potentially dangerous propensities of the subject battery as Defendant Samsung and its subsidiaries learned of other similar incidents; and

(g)     otherwise failing to exercise reasonable care under the circumstances.

138.    Defendant Samsung SDI America was aware of the allegations of the foregoing paragraphs and the related potential for injury for many years prior to July 21, 2018.

139.    Defendant Samsung SDI America's negligence as alleged above was the proximate cause of the injuries suffered by Joshua Williams on July 21, 2018.

140.    The conduct of Defendant Samsung SDI America in selling the foregoing battery constituted a callous disregard for the safety of its product's users.

141.    As a direct and proximate result of the negligence, carelessness and other liability producing conduct of the Defendant Samsung SDI America, its agents, servants, employees, franchisees and subsidiaries, Plaintiff has experienced devastating burn injuries to his right lower extremity which required skin graft surgery at Upstate Medical Center.

142.    As a direct and proximate result of the negligence, carelessness and other liability producing conduct of the Defendant Samsung SDI America, Plaintiff has experienced and may in the future experience severe and permanent pain and suffering, loss of enjoyment of life, mental anguish and emotional distress.

143.    As a direct and proximate result of the negligence, carelessness and other liability producing conduct of the Defendant Samsung SDI America, Plaintiff has suffered severe and permanent scarring and disfigurement.

144.    As a direct and proximate result of the negligence, carelessness and other liability producing conduct of the Defendant Samsung SDI America, Plaintiff has suffered and will in the future suffer a loss of earnings and earning power.

145.    As a direct and proximate result of the negligence, carelessness and other liability producing conduct of the Defendant Samsung SDI America, Plaintiff has and may have in the future ongoing medical issues that may limit his activities of daily living and cause him significant conscious pain and emotional suffering, loss of enjoyment of life, mental anguish and emotional distress.

146.    As a direct and proximate result of the negligence, carelessness and other liability producing conduct of the Defendant Samsung SDI America, Plaintiff has incurred and may in the future incur substantial medical, hospital and prescription expenses for Plaintiff's medical care and treatment for which he is entitled to reimbursement.

WHEREFORE, Plaintiff Joshua Williams demands judgment for compensatory and exemplary damages against Defendant Samsung SDI America in such a fair and reasonable amount as may be awarded by a jury of his peers in an amount in excess of Seventy-Five Thousand Dollars ($75,000) together with such other and further relief that the Court may deem just and proper, including the taxable costs and disbursements of this action.

## COUNT XI – STRICT PRODUCT LIABILITY

### Plaintiff v. Samsung SDI America, Inc.

147.    Plaintiff incorporates by reference each of the allegations contained in paragraphs 1-146 above as though each were fully set forth at length herein.

148.    The foregoing battery was in substantially the same condition on July 21, 2018 prior to exploding as it was when it was sold and delivered to the Plaintiff.

149.    The subject battery was defective in design and manufacture.

150.    The subject battery, in design and manufacture, was unfit for its intended use and therefore unreasonably dangerous to its users of the battery.

LEGAL\47146249\1

151.    The subject battery's defects and lack of safety features caused he Plaintiff to suffer serious injuries as indicated above.

152.    The strict liability producing actions and omissions on the part of Defendant Samsung SDI America as alleged above were the proximate cause of the severe burn injuries suffered by Plaintiff.

153.    As a direct and proximate result of the strict liability producing conduct of the Defendant Samsung SDI America, its agents, servants, employees, franchisees and/or subsidiaries, Plaintiff has experienced devastating burn injuries to his right lower extremity requiring skin graft surgery.

154.    As a direct and proximate result of the strict liability producing conduct of the Defendant Samsung SDI America, Plaintiff has experienced and will in the future experience severe and permanent pain and suffering, loss of enjoyment of life, mental anguish and emotional distress.

155.    As a direct and proximate result of the strict liability producing conduct of the Defendant Samsung SDI America, Plaintiff has suffered severe and permanent scarring which may require further surgeries.

156.    As a direct and proximate result of the strict liability producing conduct of the Defendant Samsung SDI America, Plaintiff has suffered and may in the future suffer a loss of earnings and earning power.

157.    As a direct and proximate result of the strict liability producing conduct of the Defendant Samsung SDI America, Plaintiff has and may have in the future significant ongoing medical complications that may limit his activities of daily living and cause him significant pain and suffering, loss of enjoyment of life, mental anguish and emotional distress.

LEGAL\47146249\1

158.    As a direct and proximate result of the strict liability producing conduct of the Defendant Samsung SDI America, Plaintiff has incurred and may in the future incur substantial medical, hospital and prescription expenses for Plaintiff's medical care and treatment for which he is entitled to reimbursement.

159.    As a result of the foregoing, the Defendant Samsung SDI America is strictly liable to the Plaintiff for compensatory and exemplary damages in an amount to be determined by a jury, together with interest, the taxable costs of suit and such other relief as the Court deems proper.

WHEREFORE, Plaintiff Joshua Williams demands judgment for compensatory and exemplary damages against Defendant Samsung SDI America in such a fair and reasonable amount as may be awarded by a jury of his peers in an amount in excess of Seventy-Five Thousand Dollars ($75,000) together with such other and further relief that the Court may deem just and proper, including the taxable costs and disbursements of this action.

## COUNT XII – BREACH OF EXPRESS AND IMPLIED WARRANTIES
### Plaintiff v. Samsung SDI America, Inc.

160.    Plaintiff incorporates by reference each of the allegations contained in paragraphs 1-159 above as though each were fully set forth at length herein.

161.    Samsung SDI America warranted by implication that the foregoing battery was of merchantable quality and fit and safe for use.

162.    Further upon information and belief, Samsung SDI America made expressed and implied representations about the quality, design and fitness of the product as an inducement to encourage the purchase and use of the product.

163.    Samsung SDI America's warranties were not true, and the Samsung lithium battery was not safe or reasonably suitable and fit for the uses intended and expected by Samsung SDI America for the public, including Plaintiff Joshua Williams.

164.    The Defendant Samsung SDI America breached the foregoing warranties in that the subject battery failed to operate as promised, implied, expected and relied upon.

165.    The Defendant Samsung SDI America's breaches of the foregoing warranties were a proximate cause of the Plaintiff's injuries as alleged in this Complaint.

166.    As a direct and proximate result of the breach of warranty by the Defendant SDI America, its agents, servants, employees, franchisees and/or subsidiaries, Plaintiff has experienced devastating burn injuries to the right lower extremity which required skin graft surgery at Upstate Medical Center.

167.    As a direct and proximate result of the breach of warranty by the Defendant Samsung SDI America, Plaintiff has experienced and will in the future experience severe and permanent pain and suffering, loss of enjoyment of life, mental anguish and emotional distress.

168.    As a direct and proximate result of the breach of warranty by the Defendant Samsung SDI America, Plaintiff has suffered extensive permanent scarring on his right leg and left lower extremities.

169.    As a direct and proximate result of the breach of warranty by the Defendant Samsung SDI America, Plaintiff has suffered and may in the future suffer a loss of earnings and earning power.

170.    As a direct and proximate result of the breach of warranty by the Defendant Samsung SDI America, Plaintiff has and may have in the future significant ongoing medical

complications that may limit his activities of daily living and cause him significant pain and suffering, loss of enjoyment of life, mental anguish and emotional distress.

171.    As a direct and proximate result of the breach of warranty by the Defendant Samsung SDI America, Plaintiff has incurred and may in the future incur medical, hospital and prescription expenses for Plaintiff's medical care and treatment for which he is entitled to reimbursement.

172.    As a direct result of the Plaintiff's reliance on the Samsung SDI America's warranties, Plaintiff suffered injuries and damages complained herein.

173.    As a result of the foregoing breach of warranties, the Defendant Samsung SDI America is liable to the Plaintiff for compensatory damages in an amount to be determined by a jury, together with interest, the taxable costs of suit and all such other relief as the Court deems proper.

WHEREFORE, Plaintiff Joshua Williams demands judgment for compensatory and exemplary damages against the Defendant Samsung SDI America in such a fair and reasonable amount as may be awarded by a jury of his peers in an amount in excess of Seventy-Five Thousand Dollars ($75,000) together with such other and further relief that the Court may deem just and proper, including the taxable costs and disbursements of this action.

Dated:  June 29, 2020                                 COZEN O'CONNOR


                                                    By:   *Christopher C. Fallon, Jr.*
                                                         Christopher C. Fallon, Jr., Esquire
                                                         45 Broadway
                                                         New York, NY  10006
                                                         (800) 523-2900
                                                         Attorneys for Plaintiff